# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TEAMSTERS LOCAL 639**
**EMPLOYERS PENSION TRUST FUND**
**and JOHN GIBSON,**

        **Plaintiffs,**

**v.**                                               **Case No: 6:12-mc-103-Orl-28GJK**

**CAPITAL MANAGEMENT**
**ASSOCIATES, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:** MOTION FOR FINAL JUDGMENT IN GARNISHMENT (Doc. No. 13)
>
> **FILED:** February 13, 2013
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND

On September 4, 2012, Plaintiffs registered their foreign judgment, entered by the United States District Court for the District of Columbia, in the amount of $1,378,292.21. Doc. No. 1. On November 8, 2012, Plaintiffs moved for a writ of garnishment after judgment be entered against Garnishee, Wells Fargo Bank, N.A. Doc. No. 2. On November 20, 2012, pursuant to Local Rule 6.01(c)(19), the undersigned issued a writ of garnishment directed to Garnishee. Doc. No. 6. On January 4, 2013, Garnishee filed an Answer to the writ of garnishment and demanded the $100.00 statutory deposit deposited by Plaintiffs, as required by Section 77.28,

Florida Statutes.  Doc. No. 8.

In the Answer, Garnishee states that it may be indebted to Defendant "in the amount of $217.65 by virtue of an account(s) in the name of 'Capital Management Associates LLC, Operating Account' . . . and Garnishee . . . has retained the sum of $217.65 . . . ." Doc. No. 8 at 1, ¶1.  On January 9 and 10, 2013, Plaintiffs filed certificates of service indicating that the Answer, notice of garnishment, writ of garnishment and motion for writ of garnishment were served, by first class mail, on Defendant at its last known addresses  Doc. No. 10-11.  To date, Defendant has not filed a reply to the Answer.

On February 13, 2013, pursuant to Section 77.083, Florida Statutes, Plaintiffs moved for a final judgment of garnishment (hereafter "Motion") against Garnishee in the amount of $217.65.  Doc. No. 13.  Plaintiffs also request the $100.00 statutory deposit be released to Garnishee.  Doc. No. 13 at 2.[1]  On March 26, 2013, the Honorable John Antoon, District Court Judge, referred the Motion to the undersigned.

## II. ANALYSIS

Pursuant to Local Rule 6.01(c)(19), the undersigned is authorized to "[c]onduct all proceedings in civil suits, before or after judgment, incident to the issuance of writs of replevin, garnishment, attachment or execution pursuant to state or federal law, and the conduct of all proceedings and the entry of all necessary orders in aid of execution pursuant to Rule 69, Fed.R.Civ.P."  Local Rule 6.01(c)(19) (emphasis added).  In the Motion, Plaintiffs request judgment against Garnishee. Doc. No. 13.  Local Rule 6.01(c)(19) gives the Magistrate Judge the jurisdiction to conduct all proceedings "incident to the issuance" of writs of garnishment.  However, the undersigned issued the writ of garnishment at issue and the process of proceeding

---

[1] On January 11, 2013, the Court entered an order granting Garnishee's request for the $100.00 statutory deposit. Doc. No. 12.  Thus, it is unnecessary to enter another order releasing the statutory deposit to Garnishee.

to judgment is distinct from proceedings incident to issuing a writ of garnishment.

Local Rule 6.01(c)(19) also grants the magistrate judge jurisdiction to conduct all proceedings and enter all necessary orders "in aid of execution" pursuant to Rule 69, Federal Rules of Civil Procedure. *Id.* Rule 69 simply provides that a money judgment is enforceable by a writ of execution in accordance with the procedure provided by the applicable state law. *Id.*[2] Local Rule 6.01(c)(19) does not appear to grant the Magistrate Judge the authority to enter judgment or conduct trials as to writs of garnishment. *See United States v. Johnson*, No. 98-234, 2009 WL 1033773 at *2 (E.D. La. Apr. 15, 2009) ("Several courts have specifically held that a magistrate judge lacks jurisdiction to determine with finality post-judgment matters such as . . . garnishment, particularly when all parties have not consented in writing.") (citing *Parks v. Collins*, 761 F.2d 1101, 1106-07 (5th Cir. 1985) (same); *United States v. Thompson*, 285 F. Appx. 522, 524 (10th Cir. 2008) (same); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1191-92 (D. S.D. 2008) (same); *United States v. Birdshead*, No. M-03-277-RO, 2008 WL 4912414 at *1 (W.D. Okla. Nov. 13, 2008) (same)). Accordingly, the undersigned issues this Report and Recommendation.

Section 77.083, Florida Statutes, provides:

> Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of [the garnishee's] liability as disclosed by the answer or trial. . . . No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee.

*Id.* Thus, Section 77.083 provides that a judgment may be entered against a garnishee based upon its answer or, if a reply is filed, after a trial on the reply. *Id.* However, any judgment must

---

[2] Although Rule 69 only refers to writs of execution, the rule "does not preclude the use of garnishment for enforcement of a judgment" in accordance with the garnishment procedure provided by the applicable state law. *See Grenada Bank v. Willey*, 694 F.2d 85, 87 (5th Cir. 1982).

not exceed the amount unpaid on the final judgment against a defendant or the amount of the garnishee's liability to a defendant. *Id*.

In this case, Garnishee's Answer states that it is in possession of $217.65, which is owed to Defendant and is less than the judgment entered against the Defendant. Doc. Nos. 1, 8. Defendant was served with the Answer and statutory notice, but failed to file a reply or move to dissolve the writ of garnishment. Doc. Nos. 10-11. Thus, the Court accepts the Answer as true. *See First Colony Life Ins. Co. v. Sun State Capital Funding, Inc.*, 730 So. 2d 735, 737-38 (Fla. 2d DCA 1999) (answer taken as true where no reply is filed under Section 77.082, Florida Statutes). In the Motion, Plaintiffs request the Court enter judgment against Garnishee for $217.65, and Garnishee has not filed a response in opposition. Doc. No. 13. Accordingly, the Motion is unopposed.

Based on the forgoing, it is **RECOMMENDED**:

1. The Motion be **GRANTED** (Doc. No. 13); and

2. The Clerk be directed to enter judgment in favor of Plaintiffs and against Garnishee in the amount of $217.65, pursuant to Section 77.083, Florida Statutes.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If there is no objection to the Report and Recommendation, the parties and the Garnishee may file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on March 28, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy